IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

22-cv-5064-JCC-SKV

DARYL ROGERS,

    Plaintiff,

vs.

CLARK COUNTY CORRECTIONS, CLARK COUNTY, CLARK COUNTY SHERIFF'S OFFICE, DOCTOR JOHN DOE, PHYSICIAN'S ASSISTANT JANE DOE, MEDICAL ASSISTANT JANE DOE, MEDICAL STAFF MEMBERS JOHN/JANE DOES I-X, MEDICAL SUPERVISOR JOHN/JANE DOE, CORRECTIONS DEPUTY JOHN DOE, SERGEANTS JOHN/JANE DOES I-XVII, COMMANDERS JOHN/JANE DOES I-V, CHIEF CORRECTIONS DEPUTY JOHN/JANE DOE, SHERIFF JOHN/JANE DOE

    Defendants.

Case No.: Initial Complaint

**COMPLAINT FOR DAMAGES**

(Civil Rights, Jury Trial Demanded)

COMES NOW Plaintiff Daryl Rogers, for the causes of action against the above-named Defendants, alleges and avers as follows:

COMPLAINT FOR DAMAGES - 1

## INTRODUCTION

1. Plaintiff Daryl Rogers is currently an inmate at Stafford Creek Corrections Center and was an inmate at Clark County Corrections Center. Plaintiff brings this Complaint for declaratory relief and damages against defendants in their individual and official capacities. Each defendant individually and collectively has caused plaintiff to suffer deprivation of his civil, statutory and constitutional rights, permanent physical injury, and prolonged physical and emotional distress.

## JURISDICTION AND VENUE

2. Plaintiff brings this lawsuit pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1331 (federal question jurisdiction) for relief from detention that violates plaintiff's Eighth Amendment rights under the U.S. Constitution.

3. This Court has subject matter jurisdiction over these claims pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. §§ 2201-02 (authority to provide declatory and other necessary and proper relief), and based on the Court's inherent equitable powers.

4. Venue is proper in this judicial district and division because at all times relevant to the unlawful acts and practices alleged herein, plaintiff was housed as an inmate at Clark County Corrections Center, which is in Vancouver, Washington, owned and operated by the Defendant Clark County Sheriff's Office, who is headquartered in Clark County, Washington. United States District Court for the Western District of Washington is therefore the appropriate venue for this action.

5. Venue is proper pursuant to 28 U.S.C. § 1391 (e)(1)(B) because all of the events or omissions giving rise to plaintiff's claims occurred in this district.

## PARTIES

6. Plaintiff Daryl Rogers is an adult male inmate currently incarcerated at SCCC. At all times relevant hereto, plaintiff was housed in Clark County Corrections who is owned and operated by the Clark County Sheriff's Office.

7. Defendant Clark County is and was at all times relevant hereto the employer of all other defendants and the public entity that had complete control over plaintiff because he was housed in its Corrections facility.

8. Defendant Clark County Sheriff's Office ("CCSO") is an agency of and is a public entity that had complete control over plaintiff because he was housed in its Corrections facility.

9. Defendant Clark County Corrections ("CCC") is a facility of CCSO and is a public entity that had complete control over plaintiff because he was housed in its facility.

10. Defendant John Doe is and was at all times relevant hereto a doctor ("Dr.") at CCC.

11. Defendant Jane Doe is and was at all times relevant hereto a Physician's Assistant ("PA") at CCC.

12. Defendant Jane Doe is and was at all times relevant hereto a Medical Assistant ("MA") at CCC.

13. Defendants John/Jane Does I-X is and was at all times relevant hereto a medical staff members at CCC.

14. Defendant John/Jane Doe is and was at all times relevant hereto a Medical Supervisor at CCC.

15. Defendant John Doe is and was at all times relevant hereto a Corrections Deputy ("CD") at CCC.

16. Defendants John/Jane Does I-XVIII is and was at all times relevant hereto a Sergeant ("Sgt.") at CCC.

17. Defendants John/Jane Does I-V is and was at all times relevant hereto a Commander at CCC.

18. Defendant John/Jane Doe is and was at all times relevant hereto the Chief Corrections Deputy ("CCD") at CCC.

19. Defendant John/Jane Doe is and was at all times relevant hereto the Clark County Sheriff.

20. Each defendant is, and at all times herein mentioned was acting under color of law and was an agent of the State of Washington and acting within the course and scope of their employment with that entity in causing the harm as herein alleged.

## ADMINISTRATIVE PROCEEDINGS

21. Plaintiff has exhausted all possible grievances and pursued all administrative remedies which were made available to him regarding the events and claims herein.

## STATEMENT OF FACTS

22. Plaintiff Daryl Rogers was the victim of a two car wreck on August 24, 2018. In this car wreck he suffered a neck injury that required him to wear a neck brace and attend physical therapy.

23. On November 2, 2018 plaintiff was found guilty of four felonies and taken into custody by the Clark County Sheriff's Office at Clark County Corrections.

24. Upon entry into CCC, plaintiff informed CCC medical staff of his injuries, his need for his neck brace, and his upcoming doctor's appointment at Rebound Orthopedics with

COMPLAINT FOR DAMAGES - 4

Dr. Modha on December 4, 2018. He was then allowed to keep his neck brace until he could be seen by Dr. Modha, and placed in the medical wing of CCC.

25. While waiting for his scheduled appointment at Rebound Orthopedics plaintiff was seen on multiple occasions by PA Jane Doe, and once by Dr. John Doe regarding his neck injury.

26. On December 4, 2018 plaintiff was taken to Rebound Orthopedics, where upon examination Dr. Modha determined that plaintiff needs additional physical therapy and that he should remain in the hard collar (neck brace).

27. Shortly thereafter plaintiff informed Mental Health staff member Jane Doe that he had serious concerns about his neck injury and that he was experiencing anxiety about the damage to his neck.

28. In early December 2018 MA Jane Doe and CD John Doe came to plaintiff's cell and told him to remove his neck brace. Plaintiff refused informing them that his Orthopedic doctor said that he should remain in his neck brace. MA Jane Doe informed plaintiff she was on orders from Dr. John Doe and PA Jane Doe to take plaintiff's neck brace.

29. Plaintiff asked MA Jane Doe to request of Dr. John Doe and PA Jane Doe to take a second look at the orders of Dr. Modha, as Dr. Modha determined that plaintiff should remain in the hard collar (neck brace).

30. At this time MA Jane Doe told plaintiff that if he refused to take it off that a team of CD's would be brought in to forcibly remove plaintiff's neck brace and it's going to hurt a lot more if it's done that way. CD John Doe would then add that not only would he take plaintiff's neck brace off forcibly that he would take plaintiff to the "hole."

31. Upon taking off the neck brace plaintiff was given a foam soft collar that provided no support for his head and neck. Plaintiff was immediately moved to F-unit, an unsafe, open population area.

32. Between December, 2018 and January 25, 2019 plaintiff informed PA Jane Doe and medical staff members John/Jane Does I-X at his medical appointments, which occurred 3-4 times a week, of the severe pain he was in and that due to the lack of support from the soft collar his head is leaning further and further to the left, until his head was laying on his shoulder even with the soft collar.

33. Plaintiff also informed multiple CD's that, due to his neck injury, having him in F-unit was an unsafe environment that potentially put him at risk of severe injury or even death if an incident occurred. This was also communicated to CCC staff by plaintiff's defense attorney.

34. Nearly 3 years later plaintiff's condition has still not recovered due to the damaged caused by defendants not following the orthopedic specialists recommendation for plaintiff to remain in the hard collar. Plaintiff's neck still lays on his shoulder without support requiring him to wear a neck brace at all times.

## FIRST CAUSE OF ACTION

**(42 U.S.C. § 1983 - Eighth Amendment - Against All Defendants Except Clark County Corrections, Clark County Sheriff's Office, and Clark County)**

35. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 34 with the same force and effect as if such paragraphs were separately realleged in this First Cause of Action.

36. The Eighth Amendment protects inmates against infliction of "cruel and unusual punishment."

37. Defendant Dr. John Doe inflicted cruel and unusual punishment on plaintiff when he authorized plaintiff's neck brace to be removed against the recommendation of his orthopedic doctor, Dr. Modha.

38. Defendant PA Jane Doe inflicted cruel and unusual punishment on plaintiff when she authorized plaintiff's neck brace to be removed against the recommendation of his orthopedic doctor, Dr. Modha. In addition she inflicted cruel and unusual punishment by ignoring plaintiff's repeated requests to have his neck brace reissued.

39. Defendant MA Jane Doe inflicted cruel and unusual punishment on plaintiff when she forced plaintiff to remove his neck brace. Further she inflicted cruel and unusual punishment by threatening plaintiff with the forcible removal of his neck brace and pain if he followed the medical recommendation and did not remove his neck brace.

40. Defendant CD John Doe inflicted cruel and unusual punishment on plaintiff when he threatened plaintiff with physical harm if he followed the medical recommendation and did not remove his neck brace. In addition he inflicted cruel and unusual punishment by threatening to take plaintiff to the "hole."

41. Under the Eighth Amendment, deliberate indifference to an inmates serious medical needs constitutes cruel and unusual punishment.

42. Defendants violated the Eighth Amendment by first demanding that plaintiff remove his neck brace against the recommendation of his orthopedic doctor.

43. Once plaintiff notified medical and corrections staff of his need for his neck brace, defendants further violated the Eighth Amendment's prohibition of 'cruel and unusual punishment' by threatening plaintiff with the forced removal of his neck brace and physical harm if he did not comply with defendants demands. Defendants conduct was deliberately indifferent

COMPLAINT FOR DAMAGES - 7

to plaintiff's serious medical needs, doctor's recommendation, and repeated insistence that he needed his neck brace.

44. Defendants also violated the Eighth Amendment by threatening to take plaintiff to the "hole" if he did not comply with defendants demands.

45. Defendants additionally violated the Eighth Amendment by forcing plaintiff to remove his neck brace against the recommendation of his orthopedic doctor.

46. Defendants further violated the Eighth Amendment by not reissuing plaintiff's neck brace upon multiple requests during medical appointments.

47. At all times material hereto, defendants jointly and severally had a duty under the Eighth Amendment of the U.S. Constitution to not be deliberately indifferent to the known serious medical and mental health needs of inmates at Clark County Corrections ("CCC"). This duty arose from the individual defendants' capacity as agents or employees of the Clark County Sheriff's Office ("CCSO"). Because defendants had a duty to provide medical services to the plaintiff, the CCSO and its agents and employees acted under the color of law while providing these services.

48. Defendants failed to provide adequate medical care for plaintiff contrary to medical records showing his need for a neck brace. Despite defendants' knowledge of this need, each individual defendant intentionally, or through the exercise of deliberate indifference, failed or refused to provide plaintiff with the proper medical care and attention known to be necessary under plaintiff's circumstances.

49. As a direct and proximate result of the actions and omissions of the defendants as described above, the plaintiff suffered severe damage in his neck that has left plaintiff with his head leaning on his shoulder without support, requiring him to wear a neck brace at all times,

which has resulted in both physical and mental harm to plaintiff, the full extent of which will be proven at trial.

50. As a direct and proximate result of the actions and omissions of the defendants as described above, the plaintiff suffers continuing harm in the form of continued mental stress and anguish over his circumstances and continued mismanagement of his pain. Plaintiff never received his neck brace while at CCC, but it was issued to him by Department of Corrections transport staff upon transport to Washington Corrections Center. The significant delays and deliberate failures in his medical care and necessary accommodations continued to impact his prognosis for recovering his neck strength and living free from pain. The full extent of plaintiff's continuing harm will be proven at trial.

51. Defendants subjected plaintiff to such constitutional deprivations by malice and reckless and conscious disregard of his rights that an award of punitive damages is warranted. The actions of the individual defendants, as described in this complaint, were deliberate, intentional and embarked on with knowledge of or in conscious disregard of the harm that would be inflicted upon plaintiff. As a result of said intentional conduct, plaintiff is entitled to punitive damages against the individual defendants in the amount be proven at trial or the maximum amount legally allowed sufficient to punish them and to deter others from like conduct.

## SECOND CAUSE OF ACTION

**(42 U.S.C. § 1983 - First Amendment - Retaliation - Against PA Jane Doe, MA Jane Doe, CD John Doe, John/Jane Does I-X)**

52. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 51 with the same force and effect as if such paragraphs were separately realleged in this Second Cause of Action.

1     53.    Plaintiff engaged in statutorily and constitutionally protected conduct by informing medical staff and making internal complaints about his constitutional rights.

    54.    Defendant Dr. John Doe retaliated against plaintiff by removing plaintiff's neck brace.

    55.    Defendant PA Jane Doe retaliated against plaintiff by removing plaintiff's neck brace. Further she retaliated against plaintiff by not re-issuing plaintiff's neck brace upon his request.

    56.    Defendant MA retaliated against plaintiff by threatening plaintiff with the forcible removal of his neck brace and pain if he followed the medical recommendation and did not remove his neck brace.

    57.    Defendant CD retaliated against plaintiff by threatening plaintiff the forcible removal of his neck brace and pain if he followed the medical recommendation and did not remove his neck brace. Further he retaliated against plaintiff by threatening to take plaintiff to the "hole" if he followed the medical recommendation and did not remove his neck brace.

    58.    Defendants Jane Does I-X retaliated against plaintiff by not re-issuing plaintiff's neck brace upon his request.

    59.    As a direct and proximate result of defendants actions against plaintiff as alleged above, plaintiff has suffered physical injury, increased physical pain, mental anguish, anxiety, and emotional distress in an amount according to proof at trial or the maximum amount legally allowed.

## THIRD CAUSE OF ACTION

## (42 U.S.C. § 12131 ("ADA") and Rehabilitation Act of 1973 - Disability Discrimination and Failure to Accommodate - Against Clark County Corrections, Clark County Sheriff's Office, Clark County)

60. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 59 with the same force and effect as if such paragraphs were separately realleged in this Third Cause of Action.

61. Title II of the Americans with Disabilities Act ("ADA") provides that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12131.

62. CCSO has received federal monies to reasonably accommodate persons with disabilities in their facilities, program activities, and services, and to reasonably modify such facilities, services, and programs to accomplish this purpose.

63. CCC is a public entity within the meaning of Title II of the ADA in that they provide programs, services, and/or activities to the general public. Combined, Title II and Section 504 of the ADA prohibit discrimination against persons with conditions that meet the definition of "disability" laid out in that legislation.

64. At all times relevant hereto, plaintiff was qualified individual within the meaning of Title II of the ADA and met the essential eligibility requirements for the receipt of the services, programs, or activities of CCSO as well as the prohibitions against discrimination. Specifically, plaintiff is and was legally blind, and had a severe neck injury that caused him to

wear a neck brace, be that "substantially limit one or more major life activities," including but not limited to "walking, standing, and working." 42 U.S.C. § 12102.

65. CCC was deliberately indifferent in failing to provide plaintiff with reasonable accommodation and other services related to his disabilities causing the plaintiff to suffer needlessly. The CCSO denied him the rights and benefits accorded to other inmates solely by reason of his disabilities in violation of the ADA and Rehabilitation Act.

66. Plaintiff's medical condition was exacerbated when treatment for his condition was denied, and no legitimate treatment plan was put in place, and he was denied assistance.

67. Plaintiff made defendants aware of his need for reasonable accommodation by repeatedly communicating to defendants regarding his medical conditions.

68. Plaintiff was denied proper medical care, which both constitutes discrimination in that other inmates without his condition were given proper medical care, and as a result of the treatment below medically acceptable standards plaintiff received he was unable to participate in other CCSO programs and denied freedoms granted to other inmates.

69. CCSO's failure to enforce appropriate policies and procedures to ensure the provision of necessary accommodations, modifications, and/or services to plaintiff as an inmate with a disability caused plaintiff to experience physical, emotional, and mental injury to an extent to be proven at trial.

## FOURTH CAUSE OF ACTION

**(General Negligence – Against all Defendants)**

70. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 69 with the same force and effect as if such paragraphs were separately realleged in this Fourth Cause of Action.

71. Because plaintiff was an inmate within CCSO housed at Clark County Corrections, CCSO had full control over all aspects of his life including his movements, access to medical providers, access to medical equipment (such as a neck brace) and access to other materials (such as physical therapy) that may mitigate his pain and reduce his suffering.

72. Defendants had a duty to ensure that plaintiff received the medical treatment his neck injury and pain issues warranted. Defendants breached that duty by forcing him to remove his neck brace. Overall, defendants breached their duty to plaintiff through failing to follow through with the treatment plan and deliberately ignoring his multiple requests for assistance due to the pain he was experiencing.

73. As a direct and proximate result of defendants' negligence, plaintiff has suffered physical injury and avoidable physical pain, as well as mental anguish, anxiety, and emotional distress in an amount according to proof at trial or the maximum amount legally allowed.

## FIFTH CAUSE OF ACTION

### (Negligent infliction of Physical Injury and Emotional Distress – Against all Defendants)

74. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 73 with the same force and effect as if such paragraphs were separately realleged in this Fifth Cause of Action.

75. Defendants had direct knowledge of plaintiff's pain and suffering and negligently prolonged and inflicted additional physical pain and emotional distress by refusing to issue plaintiff his neck brace to assist with plaintiff's pain and suffering.

76. Defendants likewise had direct knowledge of plaintiff's pain and physical condition and negligently prolonged and worsened his pain by refusing to appropriately evaluate

his physical condition, causing a delay in plaintiff receiving treatment necessary to alleviate his suffering.

77. Defendants additionally had direct knowledge of plaintiff's pain and physical condition and negligently worsened his pain by refusing to provide appropriate pain management and assistance (neck brace and/or physical therapy).

78. As a direct and proximate result of defendants' negligent actions against plaintiff as alleged above, plaintiff has suffered severe neck damage, worsened pain, loss of mobility, muscular atrophy and other physical damages yet to be determined; as well as anxiety, emotional distress, and ongoing fear of permanent irreparable damage. The full extent of plaintiff's physical and mental damages due to defendants' neglect will be shown at time of trial.

## SIXTH CAUSE OF ACTION

**(Failure to Supervise - Against Dr. John Doe, PA Jane Doe, Medical Supervisor John/Jane Doe, Sgt. John/Jane Doe I-XVIII, Commander John/Jane Doe I-V, CCD John/Jane Doe, Sheriff John/Jane Doe)**

79. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 78 with the same force and effect as if such paragraphs were separately realleged in this Sixth Cause of Action.

80. As Physician's Assistant defendant Jane Doe is responsible for supervising the care her nurse's, medical assistants, and all other CCC medical staff provided to CCC inmates, including plaintiff.

81. As a Doctor defendant John Doe is responsible for supervising the care his physician's assistants, nurse's, medical assistants, and all other CCC medical staff provided to CCC inmates, including plaintiff.

COMPLAINT FOR DAMAGES - 14

82.  As Medical Supervisor defendant John/Jane Doe is responsible for supervising the care his/her doctors, physician's assistants, nurses, and all other CCC medical staff provided to CCC inmates, including plaintiff.

83.  Through their failure to intervene in and correct the retaliatory and abusive treatment toward plaintiff with regard to removing his neck brace and not reissuing his neck brace, defendants PA Jane Doe, Dr. John Doe, and Medical Supervisor John/Jane Doe failed to adequately supervise their staff.



87.  As Sergeants defendants John/Jane Does I-XVIII is responsible for supervising their corrections deputies and the welfare of all inmates housed at CCC, including plaintiff.

88.  As Commanders defendants John/Jane Does I-V is responsible for supervising their sergeants, corrections deputies and the welfare of all inmates housed at CCC, including plaintiff.

89.  As Chief Corrections Deputy defendant John/Jane Doe is responsible for supervising all of CCC, its operations, its employees and the welfare of all inmates housed at CCC, including plaintiff.

**COMPLAINT FOR DAMAGES -** 15

90. As Sheriff defendant John/Jane Doe is responsible for supervising all of CCSO, its operations, its employees and the welfare of all inmates housed by CCSO in all of its facilities, including plaintiff.

91. Through their failure to intervene in and correct the retaliatory and abusive treatment toward plaintiff with regard to removing his neck brace, threatening to take him to the "hole," not reissuing his neck brace, and moving him to an unsafe open population area, defendants John/Jane Does failed to adequately supervise their staff.

92. As the institution responsible for hiring, supervising, and evaluating all individual defendants, defendant CCSO failed to appropriately supervise its employees through their failure to develop a system within their medical department that tracks necessary medical equipment referrals and issuances.

93. Defendant Clark County Sheriff's Office failed to verify that the medical staff they hired were acting appropriately within their area of scope while performing their job duties with CCSO.

94. The general treatment of plaintiff, as described in this complaint fell well below the ADA and medically accepted standards of care. By their failure to ensure their subordinates adherence to ADA and medically accepted standards of care, defendants jointly and severally caused plaintiff bodily injury, pain and suffering, and mental and emotional distress. They caused his existing conditions to worsen and dramatically alter the prognosis of his health conditions. Accordingly, plaintiff is entitled to damages in an amount to be proven at trial or the maximum amount legally allowed.

## SEVENTH CAUSE OF ACTION

### (Respondeat Superior - Against the County of Clark)

95. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 94 with the same force and effect as if such paragraphs were separately realleged in this Seventh Cause of Action.

96. In doing the things alleged herein, defendant employees were acting within the course and scope of their employment with Clark County. Clark County is therefore liable for the conduct of defend employees.

97. Plaintiff is thus entitled to compensatory damages from defendant Clark County in an amount according to proof at trial or the maximum amount legally allowed.

## PRAYER

WHEREFORE, plaintiff prays for the following relief against defendants:

A. For general and special compensatory damages for plaintiff and against defendants in the amount of $100,000,000.00 or the maximum amount allowable by law according to proof at trial;

B. For punitive damages against each individual defendant;

C. For a jury trial on all issues triable by jury;

D. For reasonable attorney fees according to law of statute;

E. For cost of suit incurred herein; and

F. For such other and further relief as the Court may deem just.

Plaintiff requests the right to amend this complaint at a later date upon discovery of new information.

1 | DATED this 26 day of January, 2022

*Daryl Rogers* (signature)
Daryl Rogers
DOC # 412163
Stafford Creek Corrections Center
191 Constantine Way
Aberdeen, WA 98520

*Wendell M Armstead* (signature)
Wendell M Armstead
(Researched and Prepared By)

**COMPLAINT FOR DAMAGES -** 18