1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
7                            AT TACOMA

8    DARYL ROGERS,

9                          Plaintiff,        Case No. C22-5064-JCC-SKV

10        v.

11   CLARK COUNTY CORRECTIONS, *et al.*,      REPORT AND RECOMMENDATION

12                         Defendants.

13

14        **I.    INTRODUCTION AND SUMMARY CONCLUSION**

15        This is a civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff Daryl Rogers is

16   currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington.  The

17   claims asserted in this action arise out of Plaintiff's detention at the Clark County Jail ("the Jail")

18   between November 2018 and January 2019.  Plaintiff alleges in his complaint that Defendants

19   violated his federal constitutional rights, the Americans with Disabilities and Rehabilitation Acts,

20   and state law, when they failed to properly treat and accommodate Plaintiff in relation to a neck

21   injury he suffered prior to being taken into custody.  *See* Dkt. 6.

22        Defendant Clark County, the only Defendant to have been served in this action, has filed

23   a motion to dismiss.  Dkt. 9.  Plaintiff has filed a response opposing Defendant's motion (Dkt.

REPORT AND RECOMMENDATION
PAGE - 1

19), and Defendant has filed a reply to Plaintiff's response (Dkt. 20). The Court, having

reviewed Plaintiff's complaint, Defendant's motion to dismiss, and the briefing of the parties,

concludes that Defendant's motion to dismiss should be granted in part and denied in part, and

that Plaintiff's complaint should be dismissed without prejudice.

## II.    BACKGROUND

Plaintiff submitted his civil rights complaint to this Court for filing on January 26, 2022.

Dkt. 1. Plaintiff alleges in his complaint that, on August 24, 2018, he was in a car accident and

sustained an injury to his neck. Dkt. 6, ¶ 22. As a result of this injury, Plaintiff was required to

wear a neck brace and attend physical therapy. *Id*. On November 2, 2018, Plaintiff was found

guilty on four felony charges and was taken into custody by the Clark County Sheriff's Office

and booked into the Jail. *Id*., ¶ 23. At the time he entered the Jail, Plaintiff informed the medical

staff of his injuries and his need for a neck brace, and he also informed them of an upcoming

appointment he had scheduled for December 4, 2018, with Dr. Modha at Rebound Orthopedics.

*Id*., ¶ 24. Plaintiff was allowed to keep his neck brace pending his appointment with Dr. Modha,

and he was housed in the medical wing of the Jail where he was seen on multiple occasions by a

physician's assistant and a doctor regarding his neck injury. *Id*., ¶¶ 24, 25.

Plaintiff asserts that he was examined by Dr. Modha, as scheduled, on December 4, 2018,

and that Dr. Modha determined Plaintiff needed additional physical therapy and should remain in

the hard collar neck brace he had been using. Dkt. 6, ¶ 26. At some unspecified time, but

shortly after the appointment with Dr. Modha, Plaintiff claims that a medical assistant and

corrections deputy came to his cell and told him to remove the neck brace. *Id., ¶* 28. Plaintiff,

however, refused the directive, explaining that his orthopedist had told him he should remain in

the brace. *See id*., ¶¶ 28, 29. According to Plaintiff, he was informed that the order to remove

REPORT AND RECOMMENDATION
PAGE - 2

the brace had come from the Jail medical staff, and that if he refused to comply with the directive

a team of corrections deputies would be brought in to forcibly remove it.  *Id.*, ¶¶ 28, 30.

Plaintiff thereafter removed the hard collar neck brace, and he was given a foam soft

collar brace to use instead.  Dkt. 6, ¶ 31.  Plaintiff maintains that the soft collar brace provided no

support for his head and neck.  *Id*.  Plaintiff was then moved out of the medical unit and into F-

unit which he describes as "an unsafe, open population area."  *Id*.  Plaintiff claims that between

December 2018 and January 25, 2019, he informed members of the medical staff multiple times

that he was in severe pain because of the lack of support from the soft collar brace, and that his

head was continuing to lean further to the left until it was laying on his shoulder even with the

soft collar in place.[1]  *Id*., ¶ 32.  Plaintiff claims that he also informed members of the corrections

staff that, because of his neck injury, being housed in F-unit was unsafe and put him at risk of

severe injury or death if an incident occurred.  *Id*., ¶ 33.  Plaintiff asserts that he has still not

recovered from the damage caused by Defendants' failure to follow the recommendation of his

orthopedic specialist, Dr. Modha, that he remain in the hard collar.  *Id*., ¶ 34.  Plaintiff does not

claim that he suffered any additional injury as a result of being housed in F-unit.

Plaintiff alleges that the Defendants identified in his complaint violated his rights under

the First and Eighth Amendments, the Americans with Disabilities ("ADA"), and the

Rehabilitation Act ("RA").  Dkt. 6, ¶¶ 35-69.  Plaintiff also alleges state law claims of general

negligence and negligent infliction of physical injury and emotional distress.  *Id*., ¶¶ 70-78.

---

[1] According to Plaintiff's submissions, he was taken into custody by the Washington Department of Corrections ("DOC") on January 25, 2019, and his hard collar neck brace was returned to him by DOC transport staff on his way from the Jail to the Washington Corrections Center.  *See* Dkt. 6, ¶ 50; Dkt. 19 at 7.

REPORT AND RECOMMENDATION
PAGE - 3

1    Finally, Plaintiff alleges claims that he identifies as "Failure to Supervise" and "Respondeat

2    Superior."  *Id*., ¶¶ 79-97.  Plaintiff seeks damages in excess of $100 million.  *See id*. at 17.

3        Plaintiff identifies the following Defendants in his complaint: Clark County; Clark

4    County Corrections ("CCC"); Clark County Sheriff's Office ("CCSO"); CCC Doctor John Doe;

5    CCC Physician's Assistant Jane Doe; CCC Medical Assistant Jane Doe; CCC medical staff

6    members John/Jane Does I-X; CCC Medical Supervisor John/Jane Doe; CCC Corrections

7    Deputy John Doe; CCC Sergeant John/Jane Does I-XVIII; CCC Commander John/Jane Does I-

8    V; CCC Chief Corrections Deputy John/Jane Doe; and Clark County Sheriff John/Jane Doe.  *See*

9    Dkt. 6 at 1, 3-4.

10        On March 9, 2022, this Court issued an Order directing that the United States Marshal

11    personally serve Defendant Clark County by delivering copies of a summons and Plaintiff's

12    complaint to the Clark County Manager in accordance with Rule 4(j)(2) of the Federal Rules of

13    Civil Procedure.  Dkt. 7.  The Court explained therein that it was ordering service only on Clark

14    County because CCC and the CCSO were not proper Defendants in this action.  The Court also

15    explained that as to the John and Jane Doe Defendants listed in the complaint, Plaintiff had not

16    provided sufficient identifying information for this Court to effectuate service.  *Id*.  Plaintiff was

17    advised that if he wished to proceed against these individual Defendants, he would need to

18    identify them with greater specificity.  *Id*.  Plaintiff has not done so, and this action is therefore

19    proceeding only against Defendant Clark County at this time.

20        On March 25, 2022, Defendant Clark County moved to dismiss this action.  Dkt. 9.

21    Plaintiff was granted three extensions of time before filing a response opposing Defendant's

22    motion to dismiss on September 26, 2022.  *See* Dkts. 12-17, 19.  Defendant filed a reply brief in

23    support of its motion on September 27, 2022, (Dkt. 20), and this matter is now ripe for review.

REPORT AND RECOMMENDATION
PAGE - 4

### III.    DISCUSSION

**A.    Failure to Properly Serve**

Defendant Clark County first argues that it should be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(2), (b)(4), and (b)(5), for lack of personal jurisdiction, insufficient process, and insufficient service, because Plaintiff failed to properly serve his complaint.  Dkt. 9 at 3.  In particular, Defendant asserts that, pursuant to RCW 4.28.080, a complaint that names a county must be served on the county's auditor, but here the complaint was served on Clark County Manager Kathleen Otto.  *Id*.  Defendant argues that because the county auditor has not received a copy of the complaint, the suit against Clark County should be dismissed.  *Id*.

As noted above, the Court issued an Order directing service of Plaintiff's complaint on Clark County on March 9, 2022.  *See* Dkt. 7.  Consistent with the provisions of Fed. R. Civ. P. 4(c)(3), the Court ordered that service be made by the United States Marshal, and the Court specifically directed that service be accomplished by delivering copies of the summons and complaint to the Clark County Manager in accordance with Fed. R. Civ. P. 4(j)(2).  *See id*. Pursuant to Fed. R. Civ. P. 4(j)(2), service upon a state or local government may be accomplished by *either* delivering a copy of the summons and complaint to the chief executive officer of the state or local government, Fed. R. Civ. P. 4(j)(2)(A), *or* by serving a copy of the summons and complaint in the manner prescribed by state law, Fed. R. Civ. P. 4(j)(2)(B).

According to the official website for Clark County Washington, the County Manager is deemed the chief executive officer of the county.  *See* https://clark.wa.gov/county-manager. Thus, the Court's instructions to the United States Marshal were consistent with Fed. R. Civ. P. 4(j)(2)(A), and service was apparently effectuated in accordance with those instructions. Defendant appears to complain that service wasn't effectuated in accordance with Fed. R. Civ. P.

REPORT AND RECOMMENDATION
PAGE - 5

1    4(j)(2)(B).  However, since the federal rules provide for service in either one of the two ways

2    described in Fed. R. Civ. P. 4(j)(2), service on Defendant Clark County was proper in this

3    action.[2]

4          **B.      Failure to State a Claim**

5                *1.     Motion to Dismiss Standard*

6          Defendant Clark County also argues that Plaintiff's complaint should be dismissed for a

7    host of additional reasons which this Court construes as a request for dismissal under Fed. R.

8    Civ. P. 12(b)(6).  A defendant may move for dismissal under this rule when a plaintiff "fails to

9    state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to

10   dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to

11   relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

12   *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the

13   plaintiff pleads factual content that allows the court to draw the reasonable inference that the

14   defendant is liable for the misconduct alleged."  *Id*.  "A pleading that offers 'labels and

15   conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor

16   does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

17   enhancement.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

18         Dismissal may be based on either the lack of a cognizable legal theory or the absence of

19   sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901

20   F.2d 696, 699 (9th Cir. 1990).  In considering a motion to dismiss, the Court accepts all facts

21

22         [2] The Court notes as well that since it was responsible for the manner in which service was effectuated in
     this matter, any errors in such service would be attributable to the Court, not to Plaintiff, and the remedy would be to
23   correct the error and not dismiss the action.

REPORT AND RECOMMENDATION
PAGE - 6

1  alleged in the complaint as true and makes all inferences in the light most favorable to the non-

2  moving party. *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009)

3  (citations omitted). However, the Court is not required "to accept as true allegations that are

4  merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v.*

5  *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Court liberally construes a *pro se*

6  pleading. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Pena v. Gardner*, 976 F.2d 469,

7  471 (9th Cir. 1992). However, the Court "may not supply essential elements of the claim that

8  were not initially pled." *Pena*, 976 F.2d at 471.

9              2.       ADA/RA

10       Plaintiff alleges in his third cause of action that Clark County[3] violated the ADA and the

11  RA when it failed to provide him with reasonable accommodations and other services related to

12  his disabilities and when it denied him the rights and benefits afforded other inmates solely by

13  reason of his disabilities. *See* Dkt. 6, ¶¶ 60-69. Plaintiff identifies his disabilities as legal

14  blindness and a severe neck injury. *Id.*, ¶ 64. Plaintiff asserts that he made Defendants aware of

15  his need for reasonable accommodations "by repeatedly communicating to defendants regarding

16  his medical conditions." *Id.*, ¶ 67. Plaintiff goes on to claim that he was denied proper medical

17  care, which constitutes discrimination because other inmates without his condition were given

18  proper medical care, and that as a result of receiving treatment below medically acceptable

19  standards, he was "unable to participate in other CCSO programs and was denied freedoms

20  granted to other inmates." *Id.*, ¶ 65. Plaintiff does not identify the CCSO programs he was

21

22
          [3] Plaintiff identifies CCC and the CCSO as Defendants with respect to his ADA/RA claim as well.
23  However, as noted above, neither of these entities has been served as neither is a proper Defendant in this action.
    The Court therefore discusses the claim only in relation to Clark County.

REPORT AND RECOMMENDATION
PAGE - 7

1   unable to participate in as a result of the alleged improper medical treatment, nor does he identify

2   what "freedoms" he was denied.

3          Title II of the ADA and § 504 of the RA both prohibit discrimination on the basis of

4   disability. The ADA applies only to public entities, whereas the RA proscribes discrimination in

5   all federally funded programs.  To establish a violation of Title II of the ADA, a plaintiff must

6   show that (1) he is a qualified individual with a disability; (2) he was excluded from participation

7   in or otherwise discriminated against with regard to a public entity's services, programs, or

8   activities, and (3) such exclusion or discrimination was by reason of his disability.  *Lovell v.*

9   *Chandler*, 303 F.3d 1039, 1053 (9th Cir. 2002) (citing *Weinreich v. Los Angeles County Metro.*

10  *Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997)).  Similarly, to establish a violation of § 504 of

11  the RA, a plaintiff must show that (1) he is an individual with a disability; (2) he is otherwise

12  qualified for the benefit or services sought; (3) he was denied the benefit or services solely by

13  reason of his disability; and (4) the program providing the benefit or services receives federal

14  financial assistance.  *See id.*

15         Plaintiff's ADA/RA claim is extremely vague and appears to be based primarily on the

16  alleged failure of Jail medical personnel to provide him adequate treatment for his medical

17  concerns.  However, it is well-settled that an allegation that a condition was not properly treated,

18  standing alone, is insufficient to make out a claim under the ADA.  *See Simmons v. Navajo Cty.*,

19  609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability,

20  not inadequate treatment for disability."), *overruled on other grounds by Castro v. City of L.A.*,

21  833 F.3d 1060 (9th Cir. 2016) (en banc).  Thus, to the extent Plaintiff's ADA/RA claim is based

22  on the failure of Jail medical personnel to provide adequate medical treatment, it necessarily

23  fails.

REPORT AND RECOMMENDATION
PAGE - 8

1    To the extent Plaintiff intends to assert that Defendant Clark County violated the

2  ADA/RA when it failed to provide reasonable accommodations for him that go beyond those

3  which pertain to the provision of adequate medical care for his neck injury, Plaintiff fails to

4  demonstrate that he requested any specific, reasonable, accommodations, and he also fails to

5  demonstrate any intentional discrimination on the part of Defendant as he is required to do in

6  order to recover monetary damages under Title II of the ADA or under the RA.  *Duvall v. County*

7  *of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  Accordingly, Plaintiff has not adequately

8  alleged a claim for relief against Defendant Clark County arising under the ADA/RA, and

9  Plaintiff's ADA/RA claim should therefore be dismissed.

10              *3.      State Law Claims*

11    In his fourth and fifth causes of action Plaintiff alleges state claims against all Defendants

12  identified in his complaint, including Clark County.  Specifically, Plaintiff alleges claims of

13  general negligence and negligent infliction of emotional distress, arising out of Defendants'

14  refusal to allow Plaintiff to wear his hard collar neck brace and to provide appropriate pain

15  management.  *See* Dkt. 6, ¶¶ 70-78.  Defendant Clark County argues that Plaintiff's state law

16  claims are subject to dismissal because Plaintiff failed to first file a state tort claim which is a

17  condition precedent to filing a lawsuit asserting such claims.  Dkt. 9 at 4-5.  Defendant is correct.

18    Pursuant to Washington law, before a plaintiff sues a county for tortious conduct, the

19  plaintiff must file a "claim for damages" with the agent appointed by the county to receive such

20  claims.  *See* RCW 4.96.010-020.  Filing a claim for damages is "a condition precedent to the

21  commencement of any action claiming damages."  RCW 4.96.010(1).  Plaintiff does not assert

22  that he filed any such claim.  Plaintiff argues instead that exhaustion of state tort claim

23  procedures is not a prerequisite to bringing an action under 42 U.S.C. § 1983, and that

REPORT AND RECOMMENDATION
PAGE - 9

1  exhaustion of institutional remedies under the PLRA (Prison Litigation Reform Act)[4] is not

2  required because he is no longer in the custody of Clark County.  *See* Dkt. 19 at 4-5.  Plaintiff,

3  however, appears to misapprehend Defendant's argument and the applicable law.

4  　　　The requirement under state law that a plaintiff file a state tort claim before filing a

5  lawsuit asserting such claims is distinct from the requirement under the PLRA that a plaintiff

6  exhaust institutional remedies prior to filing an action asserting federal claims under § 1983 or

7  any other federal law.  Defendant does not argue that Plaintiff's federal claims should be

8  dismissed based upon his failure to exhaust institutional remedies, it argues only that Plaintiff's

9  state law claims should be dismissed based upon his failure to file a state tort claim.  Washington

10  law mandates that State law claims asserted against a county be dismissed if the requirements of

11  RCW 4.96.010 are not met.  *Westway Const., Inc. v. Benton County*, 136 Wn. App. 859, 867

12  (2006) ("A court must dismiss any action commenced in violation of a statutorily mandated

13  claim filing condition precedent.")  As Plaintiff has apparently not complied with Washington's

14  tort claim filing statute, his state law claims should be dismissed.

15  　　　　4.　　Respondeat Superior

16  　　　Plaintiff asserts in his seventh cause of action that Clark County is liable for the alleged

17  misconduct of its employees under a theory of respondeat superior.  Dkt. 6, ¶¶ 95-97.  While a

18  local government unit or municipality can be sued as a "person" under § 1983, a municipality

19  cannot be held liable under § 1983 solely because it employs a tortfeasor.  *Monell v. Department*

20  *of Social Servs. of City of New York*, 436 U.S. 658, 691-94 (1978).  In other words, a plaintiff

21

22  　　　[4] Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

23  jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

REPORT AND RECOMMENDATION
PAGE - 10

1   may not pursue claims against a local governmental unit or municipality based on a theory of

2   respondeat superior.  A municipality is liable only for injuries that arise from an official policy or

3   longstanding custom.  *Id*. at 694.  Thus, local government entities such as counties may be sued

4   for monetary relief under § 1983 where it is alleged that the entity's official or unofficial policy,

5   custom, usage, or practice is the "moving force [behind] the constitutional violation.  *Id*. at 690,

6   694

7          Plaintiff does not allege in his complaint any *Monell* claim against Clark County, he

8   alleges federal constitutional claims only against the individual defendants.  Plaintiff asserts in

9   his response to Defendant's motion to dismiss that the causes of action alleged against the

10   individual Defendants, which include violations of the First and Eighth Amendments, "stem

11   from Clark County['s] . . . custom and practice of moving inmates out of medical housing and

12   into open population housing as soon as possible with little regard for inmate's [sic] well-being

13   and their policy of not allowing inmates [sic] medical equipment such as plaintiffs [sic] neck

14   brace in open population units when removed from medical housing."  Dkt. 19 at 6.  Not only

15   does this allegation not appear in Plaintiff's complaint, it is also too vague to demonstrate that

16   Clark County was the moving force behind any violation of Plaintiff's federal constitutional

17   rights.  Thus, to the extent Plaintiff alleges that Clark County is liable for the unconstitutional

18   actions of its employees under a theory of respondent superior, his claim necessarily fails and

19   should be dismissed.

20          While respondeat superior does not apply in the context of claims asserted under § 1983,

21   it does apply in the context of Plaintiff's ADA/RA claims.  However, as explained above,

22   Plaintiff fails to allege sufficient facts in his pleading to demonstrate any entitlement to relief

23   with respect to his ADA/RA claims.

REPORT AND RECOMMENDATION
PAGE - 11

1             5.      *Statute of Limitations*

2             Finally, Defendant argues that Plaintiff's claims are barred by the statute of limitations.

3      Dkt. 9 at 11.  A statute of limitations defense may properly be raised in a motion to dismiss if the

4      running of the statute is apparent from the face of the complaint.  *Conerly v. Westinghouse Elec.*

5      *Corp.*, 623 F.2d 117, 119 (9th Cir. 1980).  However, a motion to dismiss should be granted "only

6      if the assertions of the complaint, read with the required liberality, would not permit the plaintiff

7      to prove that the statute was tolled."  *Id.* (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677,

8      682 (9th Cir. 1980)).

9             Plaintiff brings this action pursuant to 42 U.S.C. § 1983, asserting claims arising under

10     the federal constitution.  *See* Dkt. 6, ¶¶ 2, 3.  Plaintiff also asserts claims arising under the

11     ADA/RA and state law.  Section 1983 does not contain its own statute of limitations and federal

12     courts therefore apply the forum state's statute of limitations governing personal injury actions.

13     *Flynt v. Shimazu*, 940 F.3d 457, 461 (9th Cir. 2019) (internal quotation marks and citation

14     omitted).  In Washington, the limitations period for personal injury actions is three years.  RCW

15     4.16.080(2).

16            The ADA and RA likewise contain no express statute of limitations and, thus, federal

17     courts borrow the statute of limitations applicable to the most analogous state law claim.

18     *Sharkey v. O'Neal*, 778 F.3d 767, 770 (9th Cir. 2015).  It appears that the most appropriate state

19     law analog to claims asserted under the ADA/RA is Washington's law against discrimination

20     (WLAD), RCW 49.60, to which the State's general three-year statute of limitations for personal

21     injury actions, RCW 4.16.080(2), applies.  *See Antonius v. King County*, 153 Wn.2d 256, 261-62

22     (2004).  Thus, the applicable limitations period for all of Plaintiff's asserted claims is three years.

23

REPORT AND RECOMMENDATION
PAGE - 12

1    Although state law provides the applicable limitations period for a plaintiff's claims,

2 federal law determines when the cause of action accrues.  *See Fink v. Shedler,* 192 F.3d 911, 914

3 (9th Cir. 1998) (citing *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994)).  Under

4 federal law, a claim accrues when the plaintiff knows, or should have known, of the injury which

5 is the basis of the cause of action.[5]  *Id*.

6    According to the allegations in the complaint, Plaintiff's claims are based on conduct

7 which occurred between early December 2018, when his hard collar neck brace was taken away

8 and he was moved out of the medical unit, and January 25, 2019, when he was transferred from

9 the Jail into DOC custody.  *See* Dkt. 6, ¶¶ 28-33; Dkt. 19 at 7.  Defendant argues, based on

10 Plaintiff's alleged facts, that Plaintiff's claims accrued not later than January 25, 2019, the last

11 date alleged in the complaint.  *See* Dkt. 9 at 11.  Thus, Defendant argues, Plaintiff was obligated

12 to properly file suit not later than January 25, 2022.  *Id*.  Plaintiff signed his civil rights

13 complaint on January 26, 2022, and the Court received the complaint for filing on the same date.

14 *See* Dkts 1, 6 at 18.

15    Plaintiff does not dispute that January 25, 2019, is the last date alleged in his complaint in

16 relation to his asserted claims.  He argues, however, that the statute of limitations should be

17 tolled under the "discovery rule."  Dkt. 19 at 7.  Plaintiff maintains that under the discovery rule,

18 the statute of limitations does not start to run until a plaintiff discovers, or reasonably could have

19 discovered, all essential elements of the cause of action.  *Id*.  Plaintiff contends that he did not

20 discover the doctor's orders giving rise to the claims asserted in his complaint until March 2020

21

22    [5] Though federal law determines when a cause of action accrues, federal courts apply a forum state's law
regarding tolling, including equitable tolling, in actions brought under § 1983.  *See Fink v. Shedler*, 192 F.3d at 914

23 (citing *Hardin v. Straub*, 490 U.S. 536, 537-39 (1989)).

REPORT AND RECOMMENDATION
PAGE - 13

1    while reviewing his medical records for an unrelated matter.  *Id*.  However, the Ninth Circuit has

2    explained that the "discovery rule" is already incorporated into federal accrual law and therefore

3    provides no independent basis for assessing the accrual date.  *See Lukovsky v. City and County of*

4    *San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (citing *Cada v. Baxter Healthcare Corp.*,

5    920 F.2d 446, 450–51 (7th Cir.1990)).

6              The question thus remains when Plaintiff reasonably should have known of the injury

7    giving rise to this action.  Based on the allegations in the complaint, it appears Plaintiff should

8    reasonably have known of his injury not later than January 25, 2019, three years and one day

9    before he submitted his complaint to this Court for filing, or one day after the statute of

10    limitations appears to have expired.  However, given that Plaintiff is proceeding *pro se*, and

11    given the seriousness of the claims alleged herein, this Court is reluctant to conclude, based on

12    the current state of the record, that Plaintiff could not prove the statute of limitations should

13    properly be deemed tolled for a period of time sufficient to render the instant action timely.

14    Accordingly, Defendant's motion to dismiss this action on statute of limitations grounds should

15    be denied.

16         **C.        Remaining Defendants**

17              As explained above, only Clark County has been served in this action.  CCC and CCSO

18    were not served because they are entities of Clark County and, as such, are not proper

19    Defendants in this action.  *Nolan v. Snohomish County*, 59 Wn. App. 876, 883 (1990) ("in a legal

20    action involving a county, the county itself is the only legal entity capable of suing and being

21    sued").  CCC and CCSO must therefore be dismissed from this action.

22              With respect to the individual Defendants listed in Plaintiff's complaint, not only has

23    Plaintiff failed to identify these individuals with sufficient specificity to permit the Court to

REPORT AND RECOMMENDATION
PAGE - 14

1    effectuate service, his claims against the individual defendants – those set forth in Plaintiff's

2    first, second, and sixth causes of action – are too vague and conclusory to state any viable claim

3    for relief.  Thus, the individual Defendants should also be dismissed at this juncture for failure to

4    state a claim upon which relief may be granted.

5                                    **IV.    CONCLUSION**

6          Based on the foregoing, this Court recommends that Defendant Clark County's motion to

7    dismiss (Dkt. 9) be GRANTED in part and DENIED in part.  Specifically, to the extent

8    Defendant argues it should be dismissed from this action based on improper service of the

9    complaint, this Court recommends that Defendant's motion be DENIED.  The Court also

10   recommends that Defendant's motion be DENIED to the extent it seeks dismissal of this action

11   on statute of limitations grounds.

12         This Court recommends that Defendant's motion to dismiss be GRANTED as to

13   Plaintiff's state law claims based on Plaintiff's failure to comply with Washington's tort claim

14   filing statute, and that those claims be dismissed with prejudice.  The Court further recommends

15   that Defendant's motion be GRANTED as to Plaintiff's ADA/RA and respondeat superior

16   claims as Plaintiff has failed to state a claim upon which relief may be granted with respect to

17   those claims.  However, the Court recommends that such claims be dismissed without prejudice

18   to Plaintiff filing an amended complaint which addresses the deficiencies in those claims

19   discussed above.[6]

20

21

22          [6] As previously explained, Plaintiff may not pursue claims against Defendant Clark County on a theory of
      respondeat superior.  However, he may be able to allege a viable *Monell* claim against Defendant if granted an
23    opportunity to file an amended complaint.

REPORT AND RECOMMENDATION
PAGE - 15

Finally, the Court recommends that Plaintiff's claims against CCC and the CCSO be dismissed with prejudice as neither entity is a proper Defendant in this action, and that Plaintiff's federal constitutional claims against the individual Defendants be dismissed without prejudice to Plaintiff filing an amended complaint which more completely and precisely states his claims for relief against these Defendants.  A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 2, 2022**.

DATED this 10th day of November, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 16