THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARYL ROGERS,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CLARK COUNTY CORRECTIONS, *et al*.,<br><br>　　　　　　　　　Defendants. | CASE NO. C22-5064-JCC<br><br>ORDER |

The Court, having reviewed Plaintiff's complaint, Defendant Clark County's motion to dismiss, the Report and Recommendation ("R&R") of the Honorable S. Kate Vaughan, United States Magistrate Judge, Plaintiff's objections to the R&R, and the remaining record, hereby finds and ORDERS as follows:

　　(1)　The R&R (Dkt. No. 21) is APPROVED and ADOPTED.

　　(2)　Defendant Clark County's motion to dismiss (Dkt. 9) is GRANTED in part and DENIED in part.

　　(3)　Plaintiff's complaint (Dkt. 6) is DISMISSED with prejudice as to his state law claims, and as to his claims against Clark County Corrections and the Clark County Sheriff's

ORDER - 1
C22-5064-JCC

Office. Plaintiff's complaint is DISMISSED without prejudice as to his Americans with Disabilities Act and Rehabilitation Act claims, his respondeat superior claim, and the federal constitutional claims asserted against the individual Defendants listed in his complaint.[1] As to the claims dismissed without prejudice, Plaintiff is GRANTED leave to file an amended complaint within **thirty (30) days** of this Order, curing the defects described in Judge Vaughan's R&R.

(4)     Plaintiff's motion to appoint counsel (Dkt. No. 24) is DENIED. A decision to appoint counsel is left to the discretion of the district court. *Johnson v. U.S. Treas. Dep't.*, 27 F.3d 415, 416 (9th Cir. 1994). The court considers the plaintiff's likelihood of success on the merits and plaintiff's ability to articulate his claims *pro se* in light the complexity of the claims. *Turner v. Riaz*, 2018 WL 5962726, slip op. at 1 (E.D. Cal. 2018). To date, Plaintiff has demonstrated an ability to clearly articulate his claims and has not shown a likelihood of success on the merits. Therefore, the Court will not appoint counsel in this case.

(5)     The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendant, and to the Honorable S. Kate Vaughan.

//

---

[1] Plaintiff argues Judge Vaughan erred by concluding Plaintiff failed to identify the unnamed defendants to permit the Court to effectuate service. (Dkt. No. 27 at 1–2.) As a general rule, the use of "John Doe" to identify a defendant is disfavored. *Gillespie v. Civiletti*, 629, F.2d 637, 642–43 (9th Cir. 1980). However, if the identity of the alleged defendants cannot be known prior to the filing of the complaint, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Id.* at 642. Here, Judge Vaughan concluded that even if the unnamed Defendants were properly named and served, Plaintiff's constitutional claims against them should be dismissed because they are too vague and conclusory to state a viable claim for relief. (Dkt. No. 21 at 15.) Because those claims would be dismissed on other grounds, Plaintiff is not entitled to discovery as to their identity.

//

DATED this 10th day of January 2023.

JOHN C. COUGHENOUR
United States District Judge

ORDER - 3
C22-5064-JCC