1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8   DARYL ROGERS,

9                         Plaintiff,                    Case No. C22-5064-JCC-SKV

10        v.

11  CLARK COUNTY CORRECTIONS, *et al*.,     ORDER DENYING PLAINTIFF'S
                                            SECOND MOTION FOR APPOINTMENT
                                            OF COUNSEL
12                        Defendants.

13

14          This is a civil rights action brought under 42 U.S.C. § 1983.  Plaintiff is proceeding with

15  this action *pro se* and *in forma pauperis*.  Plaintiff asserts in this action claims arising out of his

16  detention at the Clark County Jail ("the Jail") between November 2018 and January 2019.  *See*

17  Dkts. 6, 33.  In particular, Plaintiff alleges that Defendants violated his federal constitutional

18  rights, and the Americans with Disabilities and Rehabilitation Acts, when they failed to properly

19  treat and accommodate Plaintiff in relation to a neck injury he suffered prior to being taken into

20  custody.[1]  *See id*.  This matter was recently re-referred to the undersigned for further

21  proceedings.  *See* Dkt. 37.  Currently pending before this Court are Plaintiff's second motion for

22          [1] Plaintiff also alleged two state law causes of action in his original complaint, but those claims
    were subsequently dismissed.  *See* Dkt. 6 at 12-14; Dkt. 29 at 1-2.
23

ORDER DENYING PLAINTIFF'S SECOND
MOTION FOR APPOINTMENT OF COUNSEL - 1

appointment of counsel and Defendant Clark County's motion to dismiss Plaintiff's second amended complaint.[2]  Dkts. 31, 35.  The Court addresses herein Plaintiff's motion for appointment of counsel.

Plaintiff filed his first motion for appointment of counsel on November 14, 2022, after the undersigned issued a Report and Recommendation recommending that Defendant Clark County's motion to dismiss Plaintiff's original complaint be granted in part and denied in part. Dkt. 24.  Plaintiff argued in his motion that appointment of counsel was necessary because he had shown he has meritorious claims, the issues in his case were "significantly complex," and his incarceration would prevent him from "investigating crucial facts, taking depositions, or obtaining expert witnesses to prove his claims." *Id*. at 1-3.

On January 10, 2023, the Honorable John C. Coughenour, United States District Judge, issued an Order adopting this Court's Report and Recommendation.  Dkt. 29.  In the same Order, Judge Coughenour denied Plaintiff's first motion for appointment of counsel, concluding that Plaintiff had demonstrated an ability to clearly articulate his claims and had not shown a likelihood of success on the merits.  *Id*.  On January 17, 2023, Plaintiff filed his second motion for appointment of counsel.  Dkt. 31.  Plaintiff once again argues that appointment of counsel is necessary because he has shown he has meritorious claims, the issues in his case are "significantly complex," and his incarceration will prevent him from properly investigating the facts of his case, taking depositions, and obtaining expert witnesses.  *See id*.

---

[2] On February 9, 2023, Plaintiff filed what he identified as his "Second Amended Complaint for Damages."  Dkt. 33.  A review of the docket does not reveal any prior amended pleadings.  It thus appears that Plaintiff's most recent pleading, and the operative pleading at the present time, is actually Plaintiff's first amended complaint.  The Court will simply refer to the pleading as Plaintiff's "amended complaint."

ORDER DENYING PLAINTIFF'S SECOND
MOTION FOR APPOINTMENT OF COUNSEL - 2

1    Since the submission of his second motion for appointment of counsel, Plaintiff has filed

2  an amended complaint, as permitted by Judge Coughenour's prior Order, and Defendant Clark

3  County has filed a motion to dismiss that complaint. Dkts. 33, 35. Neither party has responded

4  to the opposing party's motion.

5    Plaintiff is advised that there is no right to have counsel appointed in cases brought under

6  42 U.S.C. § 1983. The Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a

7  party proceeding *in forma pauperis*, but may do so only in exceptional circumstances. *Wilborn*

8  *v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236

9  (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the

10  likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in

11  light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

12    As noted above, Judge Coughenour denied Plaintiff's prior motion for appointment of

13  counsel, finding that Plaintiff had to that point demonstrated an ability to clearly articulate his

14  claims and had not shown a likelihood of success on the merits. Dkt. 29 at 2. The same remains

15  true now. Since Judge Coughenour ruled on Plaintiff's first motion, Plaintiff has submitted a

16  well-organized amended complaint in which he identifies five causes of action. Dkt. 33.

17  Whether or not the pleading adequately states any viable claim for relief against any of the

18  intended Defendants remains to be determined. However, Plaintiff has clearly demonstrated an

19  ability to articulate his claims without the assistance of counsel. The record also belies

20  Plaintiff's assertion that this action is too complex for him to litigate without assistance as he has

21  ably represented himself to this point in the proceedings.

22

23

ORDER DENYING PLAINTIFF'S SECOND
MOTION FOR APPOINTMENT OF COUNSEL - 3

1    With respect to Plaintiff's likelihood of success on the merits, Judge Coughenour's

2    January 10, 2023, Order makes clear that Plaintiff's original complaint did not state any viable

3    claim for relief.  A cursory review of Plaintiff's amended complaint suggests that it is

4    substantially similar to his original pleading.  This, at the very least, raises an inference that

5    Plaintiff is unlikely to succeed on the merits of the claims asserted in his amended pleading.

6    Accordingly, the Court must conclude at this juncture that Plaintiff has not demonstrated that his

7    case involves exceptional circumstances which warrant the appointment of counsel.

8    Based on the foregoing, the Court hereby ORDERS as follows:

9    (1)    Plaintiff's second motion for appointment of counsel (Dkt. 31) is DENIED.

10    (2)    It is not clear why Plaintiff has yet to file a response to Defendant's pending

11    motion to dismiss.  However, assuming Plaintiff has been awaiting a ruling on his motion for

12    appointment of counsel, the Court deems it appropriate to grant Plaintiff some additional time to

13    file a response to the motion to dismiss should he desire to do so.  Thus, Plaintiff shall file any

14    response to Defendant's motion not later than *April 24, 2023*.  Defendant's motion to dismiss

15    (Dkt. 35) is RE-NOTED on the Court's calendar for consideration on *April 28, 2023*.

16    (3)    The Clerk shall send copies of this Order to Plaintiff, to counsel for Defendants,

17    and to the Honorable John C. Coughenour.

18    DATED this 28th day of March, 2023.

19

20    S. KATE VAUGHAN
      United States Magistrate Judge

21

22

23

ORDER DENYING PLAINTIFF'S SECOND
MOTION FOR APPOINTMENT OF COUNSEL - 4