UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARYL ROGERS,

                Plaintiff,

  v.

CLARK COUNTY CORRECTIONS, et al.,

                Defendants.

Case No. 22-5064-JCC-SKV

REPORT AND RECOMMENDATION

INTRODUCTION

This is a civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Daryl Rogers is currently confined at the Airway Heights Corrections Center in Airway Heights, Washington. The claims asserted in this lawsuit arise out of Plaintiff's detention at the Clark County Jail ("Jail") between November 2018 and January 2019. Plaintiff alleges Defendants violated his federal constitutional rights, as well as the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"), when they failed to properly treat and accommodate him in relation to a neck injury he suffered before being taken into custody. *See* Dkt. 33.

Defendant Clark County previously moved to dismiss Plaintiff's claims. Dkt. 9. On November 10, 2022, the undersigned entered a Report and Recommendation recommending that

REPORT AND RECOMMENDATION - 1

the County's motion be granted in part and denied in part, but that Plaintiff be given leave to amend his complaint to correct certain deficiencies therein. Dkt. 21. On January 10, 2023, the Court adopted the Report and Recommendation. Dkt. 29. Plaintiff then filed an amended complaint.[1] Dkt. 33. The County now moves to dismiss the amended complaint, arguing it still fails to state a claim. Dkt. 35.

Having considered the submissions, the balance of the record, and the governing law, the Court recommends that the County's Motion, Dkt. 35, be GRANTED for the reasons explained herein.

## BACKGROUND

On August 24, 2018, Plaintiff was in a car accident and sustained a neck injury. Dkt. 35 ¶ 22. As a result of this injury, Plaintiff was required to wear a hard collar neck brace and attend physical therapy. *See id.* at ¶¶ 22, 26. On November 2, 2018, Plaintiff was found guilty of four felonies, and was taken into custody by the Clark County Sheriff's Office ("CCSO") and booked into the Jail. *Id.* at ¶ 23. At the time he entered the Jail, Plaintiff alleges he informed the medical staff about his injuries and his need to wear a neck brace, as well as about an upcoming appointment he had scheduled with Dr. Modha at Rebound Orthopedics. *Id.* at ¶ 24. Plaintiff contends he was allowed to keep his neck brace pending his appointment with Dr. Modha. *Id.*

Plaintiff asserts he was examined by Dr. Modha as scheduled, and that Dr. Modha determined Plaintiff needed additional physical therapy and should continue wearing a hard collar neck brace. Dkt. 35 ¶ 26. Shortly thereafter, Plaintiff alleges a medical assistant and corrections deputy came to his cell and told him to remove the neck brace. *Id.* at ¶ 28. Plaintiff refused, explaining Dr. Modha had told him he should continue wearing it. *See id.* at ¶¶ 28, 29.

---

[1] Plaintiff titled the amended complaint as the "second amended complaint," and the docket refers to it as such. *See* Dkt. 33. However, it is the first amended complaint filed in this action.

1  Plaintiff was then informed that the order to remove the neck brace had come from Jail medical
2  staff, and that if he refused to remove the brace, a team of corrections deputies would forcibly
3  remove it for him.  *Id.* at ¶¶ 28, 30.
4      Plaintiff removed the hard collar neck brace and was given a foam soft collar neck brace
5  to wear instead.  Dkt. 35 ¶ 31.  Plaintiff contends the soft collar brace provided no support for his
6  head and neck.  *Id.*  Plaintiff claims that between December 2018 and January 25, 2019, he
7  informed members of medical staff multiple times that he was in severe pain and having trouble
8  sleeping due to the lack of support from the soft collar neck brace, and that his head was leaning
9  to the left and laying on his shoulder even with the brace in place, causing him to choke on food.
10 *Id.* at ¶¶ 32–33.
11     On January 26, 2022, Plaintiff submitted a civil rights complaint to the Court for filing.
12 Dkt. 1.  The complaint alleged that numerous John and Jane Doe medical personnel and
13 corrections staff, including a Jane Doe physician's assistant, violated Plaintiff's rights under the
14 First and Eighth Amendments, Dkt. 6 ¶¶ 35-59, and that Clark County, Clark County Corrections
15 ("CCC"), and CCSO violated Plaintiff's rights under the ADA and the RA, *id.* at ¶¶ 60-69.  The
16 complaint also brought state law claims for general negligence and negligent infliction of
17 physical injury and emotional distress against all Defendants.  *Id.* at ¶¶ 70-78.  Finally, the
18 complaint brought a failure to supervise claim against certain of the John and Jane Doe
19 defendants, *id.* at ¶¶ 79–94, and a respondeat superior claim against Clark County, *id.* at ¶¶ 95–
20 97.
21     On March 9, 2022, the Court issued an Order directing the United States Marshal to
22 personally serve Clark County.  Dkt. 7.  In doing so, the Court explained that it was ordering
23 service only on Clark County because CCC and the CCSO were not proper defendants in this

REPORT AND RECOMMENDATION - 3

1  action.² *Id.* at 1–2 n.1. The Court also explained that Plaintiff had not provided sufficient
2  identifying information for the Court to effectuate service on the John and Jane Doe Defendants.
3  *Id.* Plaintiff was advised that if he wished to proceed against these individual Defendants, he
4  would need to identify them with greater specificity. *Id.*

5  On March 25, 2022, Clark County moved to dismiss this action. Dkt. 9. On November
6  10, 2022, the undersigned entered a Report and Recommendation recommending that the
7  County's motion be granted as to Plaintiff's ADA/RA and respondeat superior claims, but that
8  Plaintiff be given leave to amend. Dkt. 21 at 15. Similarly, the undersigned recommended that
9  the individual Defendants be dismissed from this action without prejudice to permit Plaintiff to
10 amend the complaint to (1) name the Defendants with greater specificity, and (2) state viable
11 claims against them.³ *Id.* at 14–15. On January 10, 2023, the Court adopted the Report and
12 Recommendation, giving Plaintiff thirty days to file an amended complaint correcting the
13 deficiencies noted in the Report and Recommendation. Dkt. 29.

14 Thereafter, Plaintiff filed an amended complaint. Dkt. 33. The amended complaint
15 named Defendant "PA Bliss" as the Jane Doe physician's assistant and added one general
16 allegation, which stated that "Plaintiff informed PA Bliss and medical staff members John/Jane
17 Doe I-X at nightly pill line, and his medical appointments, that because his head is significantly
18 leaning to the left he is having trouble sleeping due to it being extremely uncomfortable, and he
19 is unable to eat meals because it causes him to choke on his food." *Id.* at ¶ 33. Further, the
20 amended complaint added certain physical limitations which Plaintiff alleged stemmed from his
21 neck injury and qualified him for coverage under the ADA, stating the injury prevented him from

---

² The Court subsequently dismissed both CCC and CCSO from this case with prejudice. *See* Dkt. 29.

³ The Report and Recommendation also recommended that the motion be granted as to Plaintiff's state law claims, but without leave to amend. Dkt. 21 at 9–10, 15.

REPORT AND RECOMMENDATION - 4

"caring for [himself], performing manual tasks, seeing, eating, sleeping, lifting, and working." *Id.* at ¶ 65 (citing 42 U.S.C. § 12102). The amended complaint incorporated no other material changes.[4]

On February 27, 2023, the County moved to dismiss the amended complaint, arguing it still fails to state a claim. Dkt. 35. Plaintiff did not file an opposition to the County's motion.

## DISCUSSION

### A. Motion to Dismiss Standard

A defendant may move for dismissal under Fed. R. Civ. P. 12(b)(6) when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss, the Court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-

---

[4] The amended complaint also named Defendant M. Soneer as the "Director of Nursing" at CCC and Defendant Correct-Care Medical Services as the "medical systems provider" of CCC. Dkt. 33 ¶¶ 8, 14. However, it incorporated no substantive allegations against either Defendant.

moving party. *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The Court liberally construes a *pro se* pleading. *Hebbe v. Pliler*, 627 F.3d 338, 34–42 (9th Cir. 2010); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). However, the Court "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471 (citation omitted).

B. ADA/RA

The County moves to dismiss Plaintiff's claim under the ADA and RA, arguing Plaintiff's amended allegations still do not adequately state a claim. Dkt. 35 at 7. The Court agrees.

The Report and Recommendation recommended dismissing Plaintiff's ADA and RA claim because it appeared the claim was based primarily on Jail medical personnel's alleged failure to provide Plaintiff with adequate treatment for his medical condition. Dkt. 21 at 8. In doing so, the Report and Recommendation explained that simply alleging a condition was inadequately treated, with nothing more, is insufficient to state a claim under the ADA. *Id.* (citing *See Simmons v. Navajo Cty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."), *overruled on other grounds by Castro v. City of L.A.*, 833 F.3d 1060 (9th Cir. 2016) (en banc)). The Report and Recommendation further noted that to the extent Plaintiff intended to allege that the County had violated the ADA and RA by otherwise failing to provide him with reasonable accommodations, Plaintiff had failed to demonstrate that he had requested any specific, reasonable accommodations, or that the County had intentionally discriminated against him, as

REPORT AND RECOMMENDATION - 6

required to recover monetary damages under both statutes. *Id.* at 9 (citing *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001)).

The amended complaint contains only two changes that are potentially relevant to Plaintiff's ADA and RA claim—one which elaborates on the physical discomfort Plaintiff experienced as a result of not having the proper neck brace, and the other which lists physical limitations Plaintiff alleges he suffered due to his injury. Dkt. 33 ¶¶ 33, 65. Neither change addresses the deficiencies noted above. Accordingly, the amended complaint still fails to state a claim under the ADA or the RA, and Plaintiff's ADA and RA claim should be dismissed.

C. Respondeat Superior

The amended complaint asserts that the County is liable for the alleged misconduct of its employees under a theory of respondeat superior. Dkt. 33 ¶¶ 87–89.

The Report and Recommendation explained that a local government entity, like a county, cannot be held liable under § 1983 on respondeat superior grounds. Dkt. 21 at 10–11 (citing *Monell v. Department of Social Servs. of City of New York*, 436 U.S. 658, 691–94 (1978)). Instead, a local government entity is only liable for injuries that arise out of a policy or longstanding custom of the entity. *Id.* at 11 (citing *Monell*, 436 U.S. at 694). This means that such entities can only be sued for monetary relief under § 1983 when it is alleged that the entity's official or unofficial policy, custom, usage, or practice is the moving force behind the constitutional violation. *Id.* (citing *Monell*, 436 U.S. at 690, 694).[5] Because the complaint did not allege such a policy, custom, usage, or practice on behalf of the County, and instead only alleged federal constitutional claims against the individual Defendants, the Report and

---

[5] While respondeat superior does not apply in the context of claims asserted under § 1983, like Plaintiff's constitutional and failure to supervise claims, it does apply in the context of Plaintiff's ADA and RA claim. However, as explained above, Plaintiff fails to allege sufficient facts demonstrating any entitlement to relief under the ADA or the RA.

REPORT AND RECOMMENDATION - 7

Recommendation recommended dismissing Plaintiff's respondeat superior claim. Dkt. 21 at 11. However, it recommended doing so without prejudice to permit Plaintiff to amend his allegations to state a claim against the County. *Id.* at 15.

The County now moves to dismiss Plaintiff's respondeat superior claim, arguing the amended complaint still fails to state a claim against the County. Dkt. 35 at 9–10. The Court agrees. The amended complaint incorporates no allegations from which the Court can deduce that the County employed a policy, custom, usage, or practice that caused the alleged constitutional violations at issue. Indeed, the relevant allegations in the complaint and the amended complaint are identical. Accordingly, Plaintiff's respondeat superior claim should be dismissed.

D. <u>Remaining Defendants</u>

In recommending dismissal of the remaining Defendants, the Report and Recommendation instructed Plaintiff to amend his complaint and name them with greater specificity. Dkt. 21 at 14–15. The Report and Recommendation further informed Plaintiff that the complaint's allegations against the remaining Defendants, as set forth in Plaintiff's constitutional and failure to supervise claims, were too vague and conclusory to state a claim, and instructed him to amend the allegations to more completely and precisely state claims for relief. *Id.*

While the amended complaint does name certain defendants with greater specificity,[6] it fails to amend its allegations to state viable claims against them. The sole substantive allegation it adds provides that "Plaintiff informed PA Bliss and medical staff members John/Jane Doe I-X at nightly pill line, and his medical appointments, that because his head is significantly leaning to

---

[6] As indicated, the amended complaint names PA Bliss, M. Soneer, and Correct-Care Medical Services as defendants in this action. Dkt. 33 ¶¶ 8, 10, 14.

the left he is having trouble sleeping due to it being extremely uncomfortable, and he is unable to eat meals because it causes him to choke on his food." Dkt. 33 ¶ 33. This is insufficient to demonstrate that any of the remaining Defendants personally participated in causing a violation, or set in motion a violation, of Plaintiff's constitutional rights, as required to state a claim under § 1983. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978). Similarly, it is insufficient to demonstrate that any Defendants' "failure to supervise" caused a deprivation of Plaintiff's constitutional rights or otherwise caused him harm. Plaintiff's constitutional and failure to supervise claims against the remaining Defendants should therefore be dismissed.

## CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiff's ADA/RA and respondeat superior claims against the County be dismissed. The Court further recommends that Plaintiff's First Amendment, Eighth Amendment, and failure to supervise claims against all other Defendants be dismissed. Because Plaintiff was already granted leave to amend his complaint to state viable claims, dismissal should be with prejudice. A proposed Order accompanies this Report and Recommendation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **June 16, 2023**.

Dated this 26th day of May, 2023.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge