THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARYL ROGERS,

                 Plaintiff,

   v.

CLARK COUNTY CORRECTIONS, *et. al.*,

                Defendants.

CASE NO. C22-5064-JCC

ORDER

This matter comes before the Court on Petitioner Daryl Rogers' motion for leave to appeal *in forma pauperis* ("IFP"), referred to this Court. (Dkt. No. 46.) For the reasons described below, the Court hereby DENIES Petitioner's motion.

Under the Federal Rules of Appellate Procedure, a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court with an affidavit that: (1) shows in prescribed detail the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to redress; and (3) states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "[A]n appeal is not taken in good faith . . . if there is some evident improper motive or if no issue is presented which is not plainly frivolous." *Tweedy v. United States*, 276 F.2d 649, 651 (9th Cir. 1960); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that an appeal is frivolous where it lacks

1    an arguable basis in law).

2        Petitioner filed a 42 U.S.C. § 1983 civil action with this Court in of March 2022. (Dkt.

3    No. 6.) The Honorable S. Kate Vaughan, United States Magistrate Judge, issued a Report and

4    Recommendation ("R&R") (Dkt. No. 39) recommending that the Court deny the petition. (*Id.*)

5    Petitioner objected. (Dkt. No. 40.) This Court overruled Petitioner's objections, adopted the

6    R&R, and dismissed his Second Amended Complaint with prejudice. (*See* Dkt. No. 42.)

7    Petitioner then filed a notice of appeal to the Ninth Circuit (Dkt. No. 44.)

8        For the same reasons outlined in Judge Vaughan's R&R, and this Court's order

9    overruling Petitioner's objections, Petitioner's appeal is not taken in good faith. First,

10   Petitioner's ADA claim fails to adequately state a claim for which relief can be granted because

11   he merely alleges inadequate treatment which, without more, is insufficient under the ADA. *See*

12   *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits

13   discrimination because of disability, not inadequate treatment for disability.") Second, Petitioner

14   wishes to hold the County liable under a theory of respondeat superior. However, as Judge

15   Vaughan's R&R noted, a local government entity cannot be held liable under § 1983 on

16   respondeat superior grounds. (*See* Dkt. 21 at 10–11) (citing *Monell v. Department of Social*

17   *Servs. of City of New York*, 436 U.S. 658, 691–94 (1978)). Third, Petitioner's allegations against

18   the remaining Defendants, as set forth in his civil deprivation and failure to supervise claims,

19   were too vague and conclusory to state a claim. (*See* Dkt. No. 21 at 14-15.) Petitioner did not

20   cure this deficiency in his Second Amended Complaint. (*See* Dkt. No. 33.)

21       At bottom, Petitioner does not identify errors by the Court, nor does he cure the

22   deficiencies of his complaint brought to his attention by the Court; rather, Petitioner restates his

23   original grounds for relief. (*Compare* Dkt. No. 6, *with* Dkt. No. 33.) Thus, Petitioner's notice of

24   appeal is frivolous because it lacks an arguable basis in law. *See Neitzke*, 490 U.S. at 325.

25   Therefore, the Court CERTIFIES that Petitioner's appeal is not taken in good faith and DENIES

26   Petitioner's motion to proceed *in forma pauperis* on appeal. The Court DIRECTS the Clerk to

ORDER
C22-5064-JCC
PAGE - 2

send this order to the Ninth Circuit Court of Appeals. The Court further DIRECTS the Clerk to

send a copy of this order to Petitioner.

DATED this 17th day of August 2023.


John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C22-5064-JCC
PAGE - 3